**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br> vs. <br> **ADRIAN NAVARRO,** <br> Defendant. | CASE NO. 16-cr-00028-YGR-1 <br><br> **RESPONSE TO DEFENDANT'S INQUIRY** <br> Re: Dkt. No. 67 |

On February 21, 2017, defendant filed *pro se* a letter seeking information from the Court as to whether he qualifies to apply for relief under *United States v. Johnson*, 135 S. Ct. 2551 (2015), *United States v. Beckles* 137 S. Ct. 886 (2017), or Amendment 782. (Dkt. No. 67.) The Federal Public Defender has filed notices of non-intervention, indicating their intention not to file any briefs or papers in support of a *Johnson* motion on defendant's behalf. (Dkt. Nos. 68, 69.)

The Court's review of the record suggests that defendant does not qualify for any such relief. Briefly:

In *Johnson*, the Supreme Court addressed a challenge to the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. section 924(e), which provides that a defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. section 922(g). The Supreme Court held that the residual clause in the ACCA is so vague that it "both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. Accordingly, the *Johnson* Court held that an increase to a defendant's sentence under the clause "denies due process of law." *Id.* By contrast, in *Beckles*, the Supreme Court distinguished the ACCA and the Sentencing Guidelines explaining that unlike the ACCA, the "advisory Guidelines do not fix the permissible range of sentences" and, thus, are not "subject to a vagueness challenge under the Due Process Clause." *Id.* at 892. Amendment 782, on the other hand, which became effective on November 1, 2014, reduced by two offense levels those assigned to certain drug quantities that trigger the statutory mandatory

minimum penalties.

Defendant's presentence probation report was issued on May 5, 2016. (Dkt. No. 50.) Therein, probation determined that his base offense level for possession with intent to distribute and distribution of methamphetamine was 30, because he possessed more than 500 grams but less than 1.5 kilograms. (*Id.* at 8.) Probation calculated a 2-level enhancement for possession of a dangerous weapon, resulting in an offense level of 32, which was reduced by three levels because of his acceptance of responsibility. (*Id.* at 9.) Probation then calculated a total criminal history score of eleven, establishing a criminal history category of V. Given an offense level of 29 and a criminal history category of V, the sentencing guidelines recommend a sentence of 140 to 175 months of imprisonment. (*Id.* at 17.)

The Court, however, imposed a lesser sentence based on the statutory minimum provided under 21 U.S.C. section 841. Specifically, the Court sentenced defendant to a "total term of 120 months," which "consists of 120 months on each of Counts One through Three, all counts to be served concurrently." (Dkt. No. 61.) Pursuant to 21 U.S.C. section 841(b)(1)(A)(viii), persons convicted of possession with intent to distribute "50 grams or more of methamphetamine" "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." Thus, the sentence was not based on any enhancements at issue in *Johnson*, nor on any offense levels that may have been affected by Amendment 782.

Accordingly, defendant does not qualify for relief under *Johnson*.

Dated: December 1, 2017

                                                  **YVONNE GONZALEZ ROGERS**
                                                  **UNITED STATES DISTRICT COURT JUDGE**